## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

CHRIS LEWIS; TAYRL HOSKINS;                                    PLAINTIFFS
CHARLES AYERS

V.                                              CAUSE NO. 3:15-CV-876-CWR-FKB

CITY OF JACKSON, MISSISSIPPI, ET                               DEFENDANTS
AL.

### ORDER

In this suit, three employees of the City of Jackson Public Works Department[1] allege that the City violated the Fair Labor Standards Act (FLSA) by paying them regular wages for overtime hours. They contend that the violations are widespread and seek to conditionally certify a collective action.

Now before the Court are two motions. In the first, the plaintiffs seek conditional certification and permission to send information to all hourly City employees and former employees, so that those employees can decide whether to join this suit. In the second, the plaintiffs seek leave to depose a City representative to determine whether the alleged FLSA violations are caused by a Public Works Department problem or instead a citywide payroll system. The City opposes both motions.

We begin with the motion for conditional certification.

At this stage, a plaintiff must make a minimal showing that (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals

---

[1] Although the Complaint only alleges that the plaintiffs are employed by the City of Jackson, from reviewing the other documents and pleadings the Court has deduced that they were employed in the Public Works Department. *See, e.g*., Docket No. 11 (motion for class certification of all current and former employees of the Public Works Department); Docket No. 12 (memorandum attaching affidavits of other persons who aver that they are similarly situated to the plaintiffs and they are laborers within the Sewer Construction, the Bridges & Drainage, and the Paved Street divisions of the Public Works Department); and Docket No. 16 (wherein the City of Jackson states that each plaintiff and each alleged similarly situated plaintiff "is/was employed" within the Public Works Department).

want to opt in to the lawsuit. The lenient standard requires at least a modest
factual showing sufficient to demonstrate that the plaintiff and potential plaintiffs
together were victims of a common policy or plan that violated the law.

*Harris v. Hinds Cnty., Miss.*, No. 3:12-CV-542-CWR-LRA, 2014 WL 457913, at *2 (S.D. Miss.

Feb. 4, 2014) (quotation marks and citations omitted).

Although there is no fixed standard for determining whether individuals are "similarly

situated," the Fifth Circuit has cited with approval a standard which considers "(1) the disparate

factual and employment settings of the individual plaintiffs; (2) the various defenses available to

defendant which appear to be individual to each plaintiff; and (3) fairness and procedural

considerations." *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 226 (5th Cir. 2011) (quotation

marks and citations omitted).

Here, the dispute turns on whether the plaintiffs are similarly situated to any other

employees. The parties have staked out positions at either extreme. The plaintiffs say they are

similarly situated to all other hourly City employees, while the City says the plaintiffs are similar

to no one else.

The Court disagrees with both sides. The record contains the required *minimal* showing

that the plaintiffs are similarly situated to other hourly, non-exempt laborers in the Public Works

Department. The plaintiffs have met their burden by producing affidavits from four other

aggrieved laborers in that Department's Sewer Construction, Bridges & Drainage, and Paved

Streets divisions, who wish to join this suit. At the same time, the plaintiffs have not made a

sufficient showing to expand their suit to other, non-laborer employees in that Department or

others throughout the City; for example, there is insufficient evidence of similarities from

employees in other departments which would support conditional certification. And the

plaintiffs' request to use a Rule 30(b)(6) deposition to bring those other departments into this suit is denied.

Accordingly, the motion for conditional certification is granted as to those within the Public Works Department who are similarly situated to the named plaintiffs and those who have submitted the affidavits. Within 14 days, the parties shall confer, generate a truly neutral Notice to prospective plaintiffs, and resubmit it for Court approval.[2]

**SO ORDERED**, this the 15th day of August, 2016.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[2] The Court will note that today's ruling says nothing about the merits of an eventual decertification motion, and is not an adjudication of the propriety of plaintiffs' counsel's proposed fee structure.